## Burton Bros., Appellees, v. Gee Oil Company, Appellant.

DAMAGES—*when right to recoup exists.*    In an action for a balance alleged to be due for sinking an oil well, defendant may recoup damages for plaintiff's failure to pull from the ground a casing belonging to defendant, though he took possession of the well and operated it, where plaintiff agreed to pull the casing but could not, because it was unnecessarily sunk several feet below the surface by him.

*Assumpsit.* Appeal from the Circuit Court of Lawrence county; the Hon. JACOB R. CREIGHTON, Judge, presiding. Heard in this court at the March term, 1912. Reversed and remanded. Opinion filed October 7, 1912.

S. J. GEE, for appellant.

McGAUGHEY & TOHILL, for appellees.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

This is an appeal from a judgment in favor of appellees for the sum of $298.01 claimed by appellees to be due on a contract for sinking an oil well for appellant.

Without setting forth the various terms of the agreement between the parties, the evidence shows that appellees performed the agreement to drill the well and it was accepted by appellant. The evidence justified the court in finding as it did find, that the total amount due appellees for the work performed by them was the sum of $2,718.01, and the amount paid them by appellant to be $2,420. This would leave a balance on the face of these figures of $298.01 due appellees, and for which the court entered judgment. The real controversy as to the amount due arose over the alleged failure of appellees to comply with the contract to pull from the ground a twelve and one-half inch casing, two

hundred and six feet in length, which appellant furnished and which appellees, by the agreement were to pull after the well was drilled (the court having correctly found against appellees on all other claims) and the said balance of $298.01 for which the court rendered judgment was retained by appellant for its damages in the loss of the casing.

The court necessarily found by its verdict appellant was not damnified in this failure and was not entitled to recover the value of the casing by way of recoupment. If there was a breach of the contract in this regard the finding was erroneous. The agreement was that appellees were to pull the casing, and the evidence shows they did make the effort to do so. When the casing had been sunk to the level of the surface, the lower end extending two hundred and six feet in the ground, it became necessary to sink a ten inch casing below that and it was necessary to sink it through the inside of the twelve and one-half inch casing. In doing this appellees rested the weight of the nine hundred feet of the ten inch casing, weighing thirty-two pounds to the foot, on the twelve and one-half. The result was that the weight sunk the twelve and one-half inch casing until the top was twelve feet below the surface, in which condition appellees claim it could not be pulled out. Appellee N. S. Burton, himself, testified it was not necessary to rest the ten inch casing on the twelve and one-half and that he did not know it was going to sink. Appellant had no hand in putting in the casing, and whatever mistake was made in sinking the twelve and one-half inch twelve feet below the surface, was made by appellees. Appellees' obligation to pull the casing arose from that part of the agreement about which there was no dispute, that the parties were to be governed in drilling by the terms of the contracts made by the Ohio Oil Company, and the testimony clearly shows that the Ohio Oil Company's contracts required the contractor to pull the casing. Burton himself understood

and testified it was the duty of the contractor to pull the casing. The evidence shows that if it became impossible to pull the twelve and one-half inch casing that it arose from the improper manner in which appellees burdened and sunk it below the surface with the weight of the ten inch, without taking precautions to prevent sinking the twelve and one-half inch, which as appears from the evidence could have been done.

Appellant had the clear right under the testimony as it appears in this case to recoup damages for a breach of the contract in the failure by appellees to pull the twelve and one-half inch casing, whereby it was lost, and appellant had a right to recoup its value, notwithstanding appellant took possession of the well and operated it. Crabtree v. Kile, 21 Ill. 180.

In our opinion the weight of the evidence also shows that all matters of difference were settled by the payment of a balance of $75 after $2,245.93 had been paid.

The verdict and judgment of the court were manifestly against the weight of the evidence, and for this reason the judgment is reversed and the cause remanded.

*Reversed and remanded.*